UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GE Commercial Distribution Finance Corporation and Brunswick Acceptance Company, LLC, | Civil Action No.: 3:10-cv-2038-CMC |
| Plaintiffs, | **OPINION AND ORDER GRANTING ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| J. Kent Lester, Jeannie R. Lester, and Kent Lester Properties, LLC, | |
| Defendants. | |

This matter is before the court on motion of Plaintiffs GE Commercial Distribution Finance Corporation ("CDF") and Brunswick Acceptance Company, LLC ("BAC") for default judgment against Defendants J. Kent Lester, Jeannie R. Lester, and Kent Lester Properties, LLC ("Lester Properties"). Dkt. No. 15. For the reasons stated below, the court grants Plaintiffs' motion for default judgment, confirms the arbitration award, and enters judgment in this matter. Plaintiffs' request for costs in this action is denied without prejudice.

**STANDARD**

Federal Rule of Civil Procedure 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b) which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Rule 55(b) states, in pertinent part, that

1

to enter a default judgment the moving party's claim must be for "a sum certain or a sum that can be made certain by computation" as supported by an affidavit and that the nonmoving party is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). The Servicemembers Civil Relief Act also requires a showing that the nonmoving party is not on active duty with the military. 50 U.S.C. Appendix § 520.

**BACKGROUND**

Defendants in this action executed two written guaranties for the benefit of Outdoor R.V. and Marine, LLC ("Outdoor RV") in favor of CDF on January 12, 2005 and January 20, 2005, and two for the benefit of Outdoor RV in favor of BAC on September 15, 2005 and December 2, 2005. Dkt. Nos. 6-1, 6-2, 6-3, and 6-4. Each guaranty provided that any controversies between the parties directly or indirectly related to the guaranty, involving claims in excess of $15,000, would be submitted to binding arbitration. *Id.*

After Outdoor RV failed to comply with its obligations to Plaintiffs, Plaintiffs instituted an action on the guaranties against Defendants before the American Arbitration Association. Dkt. No. 6 ¶15. Despite receipt of notice, Defendants failed to appear in the arbitration proceeding, and on July 8, 2010, a panel of three arbitrators entered an award and final judgment in favor of Plaintiffs. Dkt. No. 6-5. Plaintiffs' motion indicates that before the arbitration panel made a decision, Outdoor RV filed for bankruptcy. Dkt. No. 6 ¶ 17.

Following the arbitration panel's decision, Plaintiffs filed a petition to confirm arbitration award against Defendants pursuant to the Federal Arbitration Act.[1] Dkt. No. 6, 9 U.S.C. § 1 *et seq*.

---

[1] Section 9 of the Federal Arbitration Act states in pertinent part:
If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify

2

Defendant Jeannie R. Lester was served with timely notice of the petition on August 21, 2010, and Defendants J. Kent Lester and Lester Properties were served on August 23, 2010. Dkt. Nos. 8-1, 9-1, and 9-2. Defendants failed to answer Plaintiffs' petition by the September 13 deadline and have still failed to answer it.

September 28, 2010, on Plaintiffs' motion, the Clerk entered default against Defendants. Plaintiffs now move under Rule 55(b) for entry of default judgment.

## DISCUSSION

Plaintiffs' motion meets all requirements of Federal Rule 55(b) for filing a motion for default judgment. Defendants have yet to answer or defend Plaintiffs' petition. Nor have Defendants filed any opposition to the motion for default judgment.

Plaintiffs seek confirmation of the arbitration award and final judgment, which awards CDF a final judgment against Defendants jointly and severally in the amounts of (1) $1,884,809.00 for the principal amount due and (2) $232,888.00 for accrued and unpaid interest as of June 15, 2010, and awards BAC a final judgment against Defendants jointly and severally in the amounts of (1)

---

the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . . Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9.

Plaintiffs' petition conforms with Section 9. It was filed within one year of the arbitration panel's decision and was properly filed in the District of South Carolina. *See* Dkt. Nos. 6-1, 6-2, 6-3, and 6-4 (The guaranty agreements in this case specify that any award rendered by arbitrators may be confirmed in a federal court within the federal judicial district which includes the residence of the party against whom such award was entered. The Defendants in this case are residents of South Carolina. Therefore, the District of South Carolina is the proper venue to seek confirmation of the arbitration award. Dkt. No. 6 ¶¶ 3 and 4).

$103,785.25 for the principal amount due and (2) $23,366.00 for accrued and unpaid interest. Dkt. No. 6-5. The arbitration award also indicates that Defendants are jointly and severally liable and shall pay the Plaintiffs, together, $104, 253.23 for attorneys' fees, costs, and arbitration expenses. *Id.* The arbitration panel's decision subjects these awards to the outcome of Outdoor RV's bankruptcy proceedings: (1) "the principal sums [owed to CDF and BAC] are subject to reduction for the proceeds of repurchase and liquidation sales of the collateral after June 16, 2010" and (2) "any distributions received from the bankruptcy estate of [Outdoor RV] subsequent to [June 8, 2010]" shall be credited to the Defendants as the respective interests of CDF and BAC in the collateral may appear. *Id.*

In requesting confirmation of the arbitration award, Plaintiffs seek default judgment for a sum certain or "a sum that can be made certain by computation." Plaintiffs have also verified that the defaulting parties are not minors, incompetent persons, or individuals entitled to protection under the Servicemembers Civil Relief Act. Dkt. No. 10-1. Therefore, finding that Plaintiffs have met the requirements of Rule 55(b), the court grants Plaintiffs' motion for default judgment.

In addition, Plaintiffs request that the costs of this action be taxed, jointly and severally, against the Defendants. Plaintiffs have not provided this court with a basis or a bill of costs to support this request. Accordingly, the request for costs related to this action is denied without prejudice.

## CONCLUSION

For the reasons stated above, the court grants Plaintiffs' motion for default judgment. The court confirms the arbitration award and final judgment and finds that Plaintiffs are entitled to judgment against Defendants in the amounts set forth in the arbitration award. Plaintiffs' request

4

for costs in this matter is denied without prejudice. Accordingly, it is

**ORDERED** that CDF is hereby awarded a final judgment against Defendants, jointly and severally, in the principal amount of $1,884,809.00. It is further

**ORDERED** that CDF is hereby awarded a final judgment against Defendants, jointly and severally, in the amount of $232,888.00 for accrued and unpaid interest. It is further

**ORDERED** that BAC is hereby awarded a final judgment against Defendants, jointly and severally, in the principal amount of $103,785.25. It is further

**ORDERED** that BAC is hereby awarded a final judgment against Defendants, jointly and severally, in the amount of $23,366.00 for accrued and unpaid interest. It is further

**ORDERED** that CDF and BAC, together, are hereby awarded final judgment against Defendants, jointly and severally, in the amount of $104,253.23 for attorneys' fees, costs, and arbitration expenses. It is further

**ORDERED** that the aforementioned principal sums shall be reduced by the proceeds of repurchase and liquidation sales of the collateral after June 16, 2010, and by any distributions received from the bankruptcy estate of Outdoor RV subsequent to July 8, 2010, to be credited to the Defendants as respective interests of CDF and BAC in the collateral may appear.

The clerk is directed to enter judgment in accordance with the above order.

**IT IS SO ORDERED.**

      s/ Cameron McGowan Currie
      CAMERON MCGOWAN CURRIE
      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 18, 2011

5